UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,　　　　　　　　　　　　No. 08-10859

　　　　　　Plaintiff,　　　　　　　　　　　　District Judge Lawrence P. Zatkoff

v.　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

TRANSUNION, et.al.,

　　　　　　Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Rule 41 Motion for Voluntary Dismissal with Prejudice of all Claims Against Defendant Equifax [Docket #52]. I recommend that the motion be GRANTED, and that all claims against Defendant Equifax be DISMISSED WITH PREJUDICE.[1]

### I. LEGAL PRINCIPLES

Fed.R.Civ.P. 41(a) establishes the procedure for the voluntary dismissal of actions in federal court. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Where an answer has been filed, and where no stipulation of dismissal has been obtained, Rule 41(a)(2) provides as follows:

> (2) **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before

---

[1] Because this is a dispositive motion, I must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

-1-

being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). "When exercising its discretion, the district court asks and answers three questions: (1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal." *Tapco Intern. Corp. v. Dinesol Bldg. Products*, Ltd., 2007 WL 2710115, *2 (E.D.Mich. 2007), citing *Burnette v. Godshall,* 828 F.Supp. 1433, 1439 (N.D.Cal.1993), *aff'd,* 72 F.3d 766 (9th Cir.1995).

## II. DISCUSSION

As Defendant Equifax has filed an Answer [Docket #41], Plaintiff is no longer entitled to voluntary dismissal without leave of court under Rule 41(a)(1). The Court should grant leave to dismiss Plaintiff's claim against Defendant Equifax under Rule 41(a)(2) for the following reasons.

First, dismissal is appropriate. In his motion, the Plaintiff states that he and Equifax "have reached a settlement agreement and agree that dismissal is now appropriate against Defendant Equifax only." Neither Defendant Equifax nor Defendant Experian, the only Defendants remaining in this case, has opposed Plaintiff's motion to dismiss voluntarily.

Secondly, the Plaintiff himself seeks dismissal with prejudice, based on his representation that he and Equifax have resolved the matter. There is no counterclaim pending. No party will be prejudiced by a dismissal with prejudice. The order of dismissal should therefore indicate that the claims against Equifax are dismissed with

prejudice.

Given that the claims between Plaintiff and Equifax have apparently been resolved without extensive discovery or litigation costs, dismissal should also be without costs to either party.

### III. CONCLUSION

I recommend that Plaintiff's Rule 41 Motion for Voluntary Dismissal [Docket #52] be GRANTED, and that all claims against Defendant Equifax be DISMISSED WITH PREJUDICE, and WITHOUT COSTS.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1 (d)(2). Failure to file specific objections constitutes a waiver of any further right to appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct.46, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local* 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1 (d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response should not be more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue

contained within the objections.

                                          s/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 8, 2010.

                                          s/Susan Jefferson
                                          Case Manager